**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FERNANDO NAVA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-1172 |
| | § | |
| RM DETAILING, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a lawsuit under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, alleging a right to recover unpaid minimum wages, overtime pay, liquidated damages, and attorney's fees and costs. The plaintiffs, Fernando R. Nava, Nelsa Umana, and Ariel Gonzales, have sued a corporation, RM Detailing, Inc., and its president and owner, Richard J. Meyers. Meyers is representing himself and has sought to represent RM Detailing, Inc. also. He has explained in correspondence submitted to the court that he has attempted to retain a lawyer to represent the corporation but has been frustrated by a combination of financial problems (the lawyers he has consulted want more money up front than he can afford to pay) and health problems.

Counsel for the plaintiffs has also encountered frustrating circumstances. The corporation is not represented by counsel, as required in federal court. Meyers and counsel for plaintiffs have disagreed on most of the subjects they have communicated about, including whether the correct corporation is named as the defendant, when Meyers can be

1

deposed, and whether Meyers is entitled to take the depositions of the plaintiffs in Dallas as opposed to Houston.

The plaintiffs have filed a motion for partial default judgment as to liability against RM Detailing, Inc. on the ground that it has not filed an answer through counsel. (Docket Entry No. 15). The defendants have submitted a letter motion to dismiss on the ground that RM Detailing, Inc. has only been in business since January 2006 and employs contract rather than hourly workers; that RM Detailing, LLC employed one of the three plaintiffs Nelsa Umana, but paid her overtime; and that neither RM Detailing, Inc. nor RM Detailing, LLC employed Fernando Nava at any time. Attached to the letter motion are copies of payroll records, but for only part of the three-year period at issue in this case. The plaintiffs responded to the motion to dismiss. (Docket Entry No. 17). Both motions are analyzed below.

## I.     The Motion for Default Judgment as to the Claims against RM Detailing, Inc.

Federal Rule of Civil Procedure 55(a) permits a default against a party when it "has failed to plead or otherwise defend" itself. Rule 55(b)(1) permits judgment by default to be entered by the clerk on certain conditions. Rule 55(b)(2) prohibits the court from entering default judgment "[i]f the party against whom judgment by default is sought has appeared in the action." FED. R. CIV. P. 55(b)(2).

The Fifth Circuit has held that what constitutes an appearance under Rule 55(b)(2) is not "confined to physical appearances in court or the actual filing of a document in the record." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing *Sun Bank*

*of Ocala v. Pelican Homestead and Savings Assn.*, 874 F.2d 274, 276 (5th Cir. 1989)). An appearance "'is defined broadly . . . to include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim.'" *Id.* at 141–42 (quoting *Sun Bank*, 874 F.2d at 276). The Fifth Circuit has found that "the defendant's actions merely must give the plaintiff a clear indication that the defendant intends to pursue a defense and must 'be responsive to the plaintiff's formal Court action.'" *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) (citing *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir.1975)) (finding waiver of formal service not an "appearance"). The Fifth Circuit has reversed entries of default judgment when the defendant has made an appearance sufficient to show the plaintiff the defendant's intention to defend. *Sun Bank*, 874 F.2d at 276; *Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir.1978); *Charlton L. Davis & co v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977) (refusing to require a party to file documents in the record in order to have "appeared" under Rule 55(b)(2)).

The plaintiffs contend that because RM Detailing, Inc. has not appeared through counsel, it has not appeared at all. A corporation generally cannot appear in federal court except through its lawyer. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (explaining that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975); *see also* 28 U.S.C. § 1654.

RM Detailing, Inc. cannot appear through its president, Meyers. Its effort to do so, however, does not, however, equate to the right to a default judgment against RM Detailing, Inc. "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1 996). Entry of a default judgment is committed to the discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 344 (5th Cir. 1977).

In *Wilson v. Moore and Associates*, 564 F.2d 366 (9th Cir. 1977), a corporate defendant was sued under the Fair Credit Reporting Act. The president of the defendant company wrote a letter to the plaintiff's counsel with a copy to the clerk of court, explaining why he believed the case was without merit. The plaintiff's counsel responded, urging that the corporation retain a lawyer and explaining that default was the consequence for failing to file a timely answer. The president wrote back, asking "[j]ust exactly what do you want for an answer?" 564 F.2d at 367. The plaintiff's counsel acknowledged receipt of the letter and reiterated that an answer had to be filed to avoid default. When no answer was filed, the plaintiff moved for and obtained a default judgment. The district and appellate courts declined to set the default judgment aside, emphasizing that the defendant had been amply warned that it needed to file an answer. By contrast, in *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491 (S.D. Tex. 1961), a corporation was served with a summons and complaint. The corporation's president sent a letter to counsel for the plaintiff explaining that the plaintiff named the wrong party as the defendant because the corporation had not been chartered until after the alleged events occurred. Default was entered based on the failure to

4

appear. The court set aside the default judgment, finding that "letter of defendant served on plaintiff's counsel was an appearance." *Id*. at 493.

In the present case, the letters and other communications Meyers sent to this court and to counsel for the plaintiffs weigh against entering default judgment at this point. The letters and other submission show RM Detailing, Inc.'s belief that it is not the proper defendant, that one of the plaintiffs did not ever work for it or the predecessor entity, and that it intends to defend. Even assuming that the letters and other communications are not technically an appearance, default is inappropriate at this time.

RM Detailing, Inc. must, however, be represented by counsel to avoid default in the future. This court will allow RM Detailing, Inc. until March 16, 2007, to have counsel appear on its behalf. If RM Detailing fails to comply by this deadline, default will be entered. No further extension will be granted.

**II.     The Motion to Dismiss filed by RM Detailing, Inc.**

RM Detailing, Inc. has moved to dismiss on the grounds that it is improperly named as a defendant; that one of the plaintiffs never worked for RM Detailing, LLC; and that another of the plaintiffs did work for RM Detailing, LLC but was properly paid. This motion cannot be resolved as a motion to dismiss because it requires the court to consider matters outside the pleadings. It cannot be resolved now as a motion for summary judgment because the parties have not been able to complete necessary discovery. The motion is denied.

**III.    Order**

A hearing is set for **March 26, 2007, at 10:30 a.m.** in Courtroom 11-B. It has been set at the end of March to accommodate medical problems that have made it difficult for Meyers to travel and retain counsel. If possible, while Meyers is present in Houston for that hearing, he should make arrangements to be deposed and to take the depositions of the plaintiffs. Difficulties in making those arrangements may be brought to the court's attention. A telephone hearing will be arranged if needed.

SIGNED on January 23, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge